So Ordered.

Dated: March 31, 2023



G. Michael Halfenger
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

| | |
|---|---|
| Greenpoint Asset Management II, LLC, | Case No. 21-25900-gmh |
| Michael G. Hull, | Case No. 21-25901-gmh |
| Jointly Administered Debtors. | Chapter 11 (Jointly Administered Under Case No. 21-25900) |

**ORDER GRANTING IN PART AND DENYING IN PART ERICK HALLICK'S MOTION FOR AUTHORITY TO OBTAIN DOCUMENTS AND TAKE AN EXAMINATION OF THE DEBTORS' ACCOUNTANT PURSUANT TO FED. R. BANKR. P. 2004**

Greenpoint Asset Management II, LLC, and Michael Hull are chapter 11 debtors whose cases are being jointly administered. Erick Hallick is a creditor of the debtors, and the debtors each filed an adversary proceeding against him seeking to avoid certain prepetition state court levy and charging orders that Hallick obtained against them. See *Greenpoint Asset Management II LLC v. Hallick*, Adv. Proc. No. 22-02034 and *Hull v. Hallick*, Adv. Proc. No. 22-02035. The adversary proceedings are being jointly

administered under *Greenpoint Asset Management II v. Hallick*, Adv. Proc. No. 22-02034 (the Adversary Proceeding). The debtors moved for summary judgment, Hallick moved for cross-summary judgment, and the court entered a decision and order in the Adversary Proceeding on September 30, 2022, denying both motions but determining (1) "that the debtor-plaintiffs have established all elements necessary to afford them a right to summary judgment avoiding the State Court Orders under 11 U.S.C. §547, *except* for the need to establish insolvency as required by §547(b)(3)"; (2) allowing Hallick to "conduct discovery through and including December 22, 2022 . . . to the extent that the discovery is relevant to the debtor-plaintiffs' solvency as required by §547(b)(3)"; and (3) requiring Hallick to file a statement by January 23, 2023, informing the court whether he believes there is a "genuine disputed issue of material fact as to the solvency of one or both debtor-plaintiffs during the preference period" and, if so, the statement must be "accompanied by proposed facts . . . from which a reasonable finder of fact could determine that grounds exist sufficient to rebut §547(f)'s presumption of insolvency as to one or both debtor-plaintiffs." Adv. Proc. No. 22-02034, ECF No. 16, at 20. Hallick filed a brief on January 23, 2023, asserting that material issues of law and fact exist as to the solvency of both debtors. Adv. Proc. No. 22-02034, ECF No. 25. The debtors responded and Hallick filed a reply. Adv. Proc. No. 22-02034, ECF Nos. 29 & 31. The matter is under advisement.

      Meanwhile, on January 24, 2023, in the debtors' jointly-administered bankruptcy case, Hallick filed a motion pursuant to Federal Rule of Bankruptcy Procedure 2004 requesting an order compelling the production of documents from, and the examination of, Bruce Pietrantonio of BPA & Associates, LLC. Pietrantonio is the debtors' accountant. (For ease of explication, this decision and order ignores Pietrantonio's firm, BPA, and refers to the debtors' accountants as "Pietrantonio.") The court authorized his employment "to assist with preparing and filing tax returns and preparing financial documents." ECF No. 215, at 1–2. Based on the parties' submissions,

it is uncontested that Pietrantonio prepared tax returns for the debtors and entities controlled by Michael Hull, as well as tax returns for Michael Hull's wife Angela Hull. The debtors produced those returns to Hallick, who had them reviewed by Paul Rodrigues, an accountant who specializes in forensic accounting. ECF Nos. 334 at 4 & 335, at 2–3. Hallick reports, supported by an affidavit from Rodrigues, that "Mr. Rodrigues uncovered some discrepancies with the tax returns . . . related to transactions between and among the Debtors and the companies owned and controlled by Hull." ECF No. 334, at 4. In support of his Rule 2004 request Hallick argues that "[i]t may be that the discrepancies discovered by Mr. Rodrigues are fully justified, but in order to understand the justification, additional documents, and understanding from . . . [Pietrantonio] is necessary." *Id.* at 5.

The debtors objected to Hallick's motion, emphasizing that the court's September 30, 2022 decision and order in the Adversary Proceeding required discovery into the issue of solvency to have been concluded by December 22, 2022. ECF No. 340, at 1 & 3–4. The debtors argue that Hallick's Rule 2004 motion is an attempt to end-run the discovery cut-off that is prohibited by the "pending adversary rule, which provides that when a related adversary proceeding is pending, the parties cannot pursue discovery through Rule 2004." ECF No. 340, at 2 (citing to *In re Sheehan*, 625 B.R. 72, 76 (Bankr. N.D. Ill. 2021)). The debtors argue that "[t]he claimed purpose behind the 2004 Motion is to allow Hallick to investigate certain tax matters" that were also "identified by Hallick in the Adversary Proceeding as relevant to insolvency", that both Hallick's brief in the Adversary Proceeding and the affidavit of Paul Rodrigues that Hallick filed in support of his motion for a rule 2004 examination "make reference to the same tax items cited by Hallick in the 2004 Motion" and that the "2004 Motion is supported by the same affidavit of Mr. Rodrigues filed in the Adversary Proceeding." ECF No. 340, at 2–3. Pursuit of discovery on the tax matters, the debtors argue, must be conducted in the Adversary Proceeding, and because Hallick didn't seek the information there before the

discovery deadline passed, he missed the boat.

Pietrantonio filed a letter opposing Hallick's Rule 2004 request. ECF No. 342. The letter states that Pietrantonio prepared the tax returns at issue "using only the information [he] was given by Mr. Hull" and that he has "no background, history or knowledge of the operations of the entities involved or the management of the various businesses that Mr. Hull provided documentation for"; "no knowledge of how the documents . . . were compiled", and "that the underlying documents used to prepare the tax returns[ ] can be obtained from Mr. Hull directly . . . ." ECF No. 342, at 1–2.

In reply Hallick states that he needs the requested information to "to confirm that the Debtors are fulfilling their fiduciary duties" as debtors in possession. ECF No. 351, at 3–4. Hallick asserts that the "pending adversary rule" does not apply here because Pietrantonio is not a party to the Adversary Proceeding and the motion does not "request information that could otherwise be obtained in the Adversary Proceeding." *Id.* at 4. Hallick's reply reports that "[d]uring the course of conducting . . . discovery [in the Adversary Proceeding], Hallick's expert, Paul Rodrigues . . . reviewed the Debtors' tax returns and other documents . . . . [and] discovered that according to H Global LLC's 2021 tax return, Mr. Hull received $16,307,655 in distributions in 2020 from entities he owns and controls . . . [and] there is nothing in the documentation provided by Mr. Hull thus far that explains this figure." ECF No. 351, at 2. Hallick also argues that his request is proper because Rodrigues believes that "the entities owned and controlled by Mr. Hull did not consistently account for loans made among themselves" and "[d]espite the vast amounts of money that are moving among Mr. Hull's entities, the accounting is inconsistent and seemingly none of these funds are included in the Debtors' plan." *Id*. at 2–3. Finally, Hallick argues that he is entitled to the discovery in his motion because Pietrantonio has admitted that he "did not conduct any investigation into the accuracy of the information being provided to him" by Hull. *Id.* at 3.

After considering the parties' submissions through Hallick's reply, the court, on February 22, 2023, ordered the debtors to file a sur-reply and proposed the following potential relief:

> Based on the current submissions, the court is considering ordering the debtors to produce to Hallick all documents (broadly construed to include any transmittal of information in any form) not previously produced to Hallick that they provided the accountant, Bruce Pietrantonio of BPA and Associates, LLC, or that are responsive to any request of the accountant (whether or not provided) that relate to the debtors' interests in, loans to or from, payments to or from, or any inter-entity transfers between or among either debtor, and Angela Hull, H Global, LLC, H Informatics, LLC, Yodelay Yogurt, LLC, and Candinas Hull, LLC, or any other entity in which a debtor has a direct ownership interest. If the debtors object to this outcome, their submission must explain why. If there are no such documents, the debtors must file a declaration made by one or more persons with knowledge so testifying.

ECF No. 355.

The debtors' sur-reply "request[s] that the Court's proposed order [of February 22, 2023,] be modified in one respect: that a provision be added prohibiting Hallick from seeking to use any responsive documents received in support of his objection to the Debtors' motion for summary judgment in the pending [A]dversary [P]roceeding." ECF No. 361, at 2.

Based on the parties' submissions, the court concludes and ORDERS that Hallick is entitled to obtain relief under Rule 2004 as follows:

1. Within **fourteen days** from the date this order is entered, the debtors must produce to Hallick all documents (broadly construed to include any transmittal of information in any form) that they have not previously produced to Hallick that:

    a. the debtors provided the Pietrantonio, or

    b. are responsive to any request of Pietrantonio (whether or not provided to

the him) that relate to the debtors' interests in, loans to or from, payments to or from, or any inter-entity transfers between or among either debtor, and Angela Hull, H Global, LLC, H Informatics, LLC, Yodelay Yogurt, LLC, and Candinas Hull, LLC, or any other entity in which a debtor has a direct ownership interest.

2. Hallick's request to examine Pietrantonio is denied without prejudice; if the debtors produce documents under force of this order, Hallick may move to take Pietrantonio's deposition but must show either that (1) examining Pietrantonio about such documents is relevant to proceedings in the main bankruptcy case or (2) the documents are responsive to Hallick's document requests in the Adversary Proceeding but were not previously produced.

3. The extent to which Hallick may use any documents produced by force of this order is not ripe for decision; this order does not prejudice the debtors' right to contest Hallick's use of those documents if and when he seeks to use them.

4. Hallick's motion for a Rule 2004 examination of Pietrantonio is granted to the extent provided in this order and is otherwise denied.

#####